IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA  )
                          )       CRIMINAL ACTION NO.
     v.                   )          2:14cr509-MHT
                          )             (WO)
BERNADETTE DICKERSON      )

OPINION AND ORDER

Defendant Bernadette Dickerson is now before the court for sentencing for the offense of attempting to bribe a witness not to testify against her son in an impending federal trial, in violation of 18 U.S.C. § 1512(b)(2)(A).  With the consent of Dickerson in open court on March 23, 2015, the court orders the following: (1) an outpatient psychiatric or psychological evaluation to assess her current psychiatric condition and competency to proceed, specifically her ability to assist counsel in her defense, pursuant to 18 U.S.C. § 4241; and (2) a 'presentence study' on Dickerson's mental health pursuant to 18 U.S.C. § 3552(b), for the purpose of

assisting the court in fashioning an appropriate sentence.

This evaluation is warranted.  While the court does not assume that all allegations that have been made against her are true, persons have asserted that Dickerson has engaged in troubling behavior during the pendency of this case: she allegedly started multiple arguments with other inmates and allegedly got in a fight at the jail, allegedly had to be removed from a courtroom due to her behavior, and allegedly was hostile towards a probation officer.  The court also notes that she sent the court a letter attempting to withdraw her guilty plea and making serious accusations of wrongdoing against her attorney and various other members of the court system involved in her case, but she later changed her mind and disavowed the request to withdraw her plea.  In addition, she clearly is having difficulty in working with her attorney and believes that he is working with the government

against her.  Dickerson also reports having multiple serious medical conditions and receiving inadequate care for those conditions in jail.

Because of the above-mentioned allegations (which the court does not assume are true) and particularly due to her difficulty in working with her lawyer, the court has a "bona fide doubt" regarding defendant Dickerson's mental condition, United States v. Nickels, 324 F.3d 1250, 1252 (11th Cir. 2003).  Given this doubt, the law requires that the court further investigate and determine Dickerson's ability to work with counsel.

In addition to the above competence study, the court also orders a mental-health evaluation pursuant to 18 U.S.C. § 3552(b), for the purpose of assisting it in fashioning an appropriate sentence. "Although district courts are no longer bound to follow the Sentencing Guidelines after United States v. Booker, 543 U.S. 220 (2005), they still must consult the Guidelines and take them into account

3

when sentencing defendants." <u>United States v. Todd</u>,
618 F. Supp. 2d 1349, 1352–53 (M.D. Ala.2009)
(Thompson, J.).   The court must calculate the
applicable range of sentences recommended by the
Guidelines.   The court may then decide to impose a
sentence outside of the Guidelines system, commonly
known as a "variance."

The court is bound, however, to impose a
sentence that is reasonable.   The factors set forth
in 18 U.S.C. § 3553(a) guide the court's
determination of the reasonableness of a sentence.
Those factors are (1) the nature and circumstances
of the offense; (2) the history and characteristics
of the defendant; (3) the need for the sentence
imposed to punish the offender, protect the public
from the defendant, rehabilitate the defendant,
deter others, and provide medical care; (4) the
kinds of sentences available; (5) the sentencing
range established by the Sentencing Guidelines; (6)
any pertinent policy statements issued by the

Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need for restitution. 18 U.S.C. § 3553(a).

U.S. Probation officers routinely prepare presentence investigation reports to assist the court during sentencing pursuant to 18 U.S.C. § 3552(a). However, § 3552(b) also authorizes the court to order a "study of the defendant" if it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed." 18 U.S.C. § 3552(b). The court here desires a report on how Dickerson's mental health impacts any or all of the eight sentencing factors listed above. The presentence study pursuant to 18 U.S.C. § 3552(b) should answer how Dickerson's condition impacts the sentence given under 18 U.S.C. § 3553(a), including both the amount of incarceration and treatment recommendations. See

United States v. Piggott, 2014 WL 6750513, at *3 (M.D. Ala. 2014) (Thompson, J.).   A § 3552(b) study "shall be conducted in the local community by qualified consultants." 18 U.S.C. § 3552(b).

***

Accordingly, it is ORDERED as follows:

(1) Dr. Catherine Boyer of Clinical Psychologists, P.C., 248 East Glenn Avenue, Auburn, AL 36830, (334) 821-3350, is appointed to perform a psychiatric/psychological evaluation of defendant Bernadette Dickerson.

(2) Defendant Dickerson is to meet with Dr. Boyer for the purpose of having the evaluation conducted.

(3) If Dr. Boyer judges it necessary for the examination and testing to occur at her office, the United States Marshal is to arrange for defendant Dickerson to be present for the tests and/or examination there.

(4) Pursuant to 18 U.S.C. § 4247(c), Dr. Boyer is to conduct the necessary battery of tests to provide the court with the requisite information concerning defendant Dickerson's competency at this time, which shall include the following:

(a) Defendant Dickerson's personal medical history and present symptoms;

(b) A description of the psychiatric, psychological, and medical tests that were employed and their results; and

(c) Dr. Boyer's findings, opinions, and conclusions as to defendant Dickerson's diagnosis and prognosis, and whether defendant Dickerson's current condition is such that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

7

(5) Pursuant to 18 U.S.C. § 3552, Dr. Boyer is to conduct the necessary battery of tests to provide the court with the requisite information regarding her findings, opinions, and conclusions as to how the mental condition of Dickerson should affect the sentence, including but not limited to any recommendations for treatment that could address any identified mental-health conditions or issues, or that could assist Dickerson with compliance with conditions the court may impose.

(6) Dr. Boyer is to file her report with the court by no later than April 10, 2015.   She is also to provide copies to counsel for defendant Dickerson and counsel for the United States.

(7) The Department of Justice shall have responsibility for the costs of said examination. See Guide to Judiciary Policy, Vol. 7, Pt. A § 320.20.20.

DONE, this the 24th day of March, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE