IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:14cr509-MHT |
| | ) | (WO) |
| **BERNADETTE DICKERSON** | ) | |

## OPINION

Defendant Bernadette Dickerson is now before the court for sentencing for the offense of attempting to bribe a witness not to testify against her son in an impending federal trial, in violation of 18 U.S.C. § 1512(b)(2)(A). With the consent of Dickerson in open court on March 23, 2015, the court will order an outpatient medical evaluation to assess her current <u>physical-health</u> condition (1) as part of the court's assessment of her competency to proceed, pursuant to 18 U.S.C. § 4241, and (2) as part of a 'presentence study' pursuant to 18 U.S.C. § 3552(b), for the purpose of assisting the court in fashioning an appropriate sentence.

As described in the order for <u>mental-health</u> evaluation entered on March 24, 2015, due to

allegations of volatile behavior and Dickerson's communications with the court, a "bona fide doubt" exists regarding her mental condition, <u>United States v. Nickels</u>, 324 F.3d 1250, 1252 (11th Cir. 2003), and the court therefore must investigate and determine competence.  Dickerson has reported having multiple serious medical conditions and receiving inadequate care for those conditions in jail.  An evaluation is warranted to determine not only the seriousness of those medical conditions but even their mere existence; the results of the evaluation will, therefore, inform the court's assessment of Dickerson's mental competence.

In addition, the court will order the health evaluation as a presentence study to assist the court in fashioning an appropriate sentence.  <u>See</u> 18 U.S.C. § 3552(b).  "Although district courts are no longer bound to follow the Sentencing Guidelines after <u>United States v. Booker</u>, 543 U.S. 220 (2005), they still must consult the Guidelines and take them into account when sentencing defendants." <u>United States v. Todd</u>, 618 F.

Supp. 2d 1349, 1352–53 (M.D. Ala.2009) (Thompson, J.). The court must calculate the applicable range of sentences recommended by the Guidelines.  The court may then decide to impose a sentence outside of the Guidelines system, commonly known as a "variance."

The court is bound, however, to impose a sentence that is reasonable.  The factors set forth in 18 U.S.C. § 3553(a) guide the court's determination of the reasonableness of a sentence. Those factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to punish the offender, protect the public from the defendant, rehabilitate the defendant, deter others, and provide medical care; (4) the kinds of sentences available; (5) the sentencing range established by the Sentencing Guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need for restitution. 18 U.S.C. § 3553(a).

U.S. Probation officers routinely prepare presentence investigation reports to assist the court during sentencing pursuant to 18 U.S.C. § 3552(a). However, § 3552(b) also authorizes the court to order a "study of the defendant" if it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed." 18 U.S.C. § 3552(b). The court here desires a report on how Dickerson's physical health and medical needs impact any or all of the eight sentencing factors listed above. Indeed, as stated above, there is a serious question as to whether Dickerson's claimed physical-health problems even exist.

The presentence study pursuant to 18 U.S.C. § 3552(b) should answer how Dickerson's condition impacts the sentence given under 18 U.S.C. § 3553(a), including both the amount of incarceration and treatment recommendations. See United States v. Piggott, 2014 WL 6750513, at *3 (M.D. Ala. 2014) (Thompson, J.). A § 3552(b) study "shall be conducted

in the local community by qualified consultants." 18 U.S.C. § 3552(b).

An appropriate order will be entered.

DONE, this the 1st day of April, 2015.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**